EXHIBIT N

JEFFREY G. ADACHI
Public Defender
TERESA CAFFESE
Chief Attorney
PAUL MYSLIN, SBN 215173
Deputy Public Defender
555 Seventh Street
San Francisco, California 94103
(415) 553-9652

Attorneys for Defendant
**JEFF WILLIAMSON**

Elizabeth Hurley

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | Case No. 2285491 |
| Plaintiff, | **DEFENDANT'S REPLY TO PEOPLE'S OPPOSITION TO MOTION TO SUPPRESS EVIDENCE** |
| vs. | |
| JEFF WILLIAMSON, | Date: February 9, 2007 |
| Defendant, | Time: 900 a.m. |
| | Dept: 17 |

**TO THE DISTRICT ATTORNEY OF THE CITY AND COUNTY OF SAN FRANCISCO, AND TO THE HONORABLE COURT:**

## INTRODUCTION

Defendant JEFF WILLIAMSON (hereinafter referred to as "defendant") hereby submits this reply in support of defendant's motion to suppress (hereinafter referred to as "motion") and in response to the People's opposition (hereinafter referred to as "opposition").

//
//
//
//

THE ANNEXED INSTRUMENT IS A CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE. ATTEST: CERTIFIED

JAN 27 2009

GORDON PARK-LI, Clerk
Superior Court of California, County of San Francisco
BY _____ DEPUTY CLERK
Lourdes Maplapaz

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

Defendant disputes the material factual allegations made in the police report in this matter, namely that he committed a violation of the California Penal Code §594 (a) by allegedly damaging personal property of another. Therefore, a hearing is necessary to determine whether the officer honestly had reasonable suspicion to detain Mr. Williamson.

## II. DISCUSSION

### A. THE OFFICERS HAD NO CAUSE TO DETAIN AND SEARCH MR. WILLIAMSON

**i. The Detention was not a Consensual Encounter**

A detention is a seizure of the person. It is generally agreed that "a person has been "seized" within the meaning of the Fourth Amendment only if, in view of all circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." (*United States v. Mendenhall* (1980) 446 U.S. 544 at p. 554). Such detentions require reasonable suspicion of involvement in criminal activity, as discussed in the *defense motion to suppress*, and supported by *Terry v. Ohio* (1968) 392 U.S. 1, and the Fourth Amendment to the United States Constitution.

Mr. Williamson was immediately detained on arrival by Officers Cunningham and Leong, which fact is noted in the police report. No reasonable person in that situation would have felt free to leave.

**ii. There was No Reasonable Suspicion to Justify A Detention**

Under the Fourth Amendment, "government officials may conduct an investigatory stop of a vehicle only if they possess 'reasonable suspicion: a particularized and objective basis for suspecting the particular person stopped of criminal activity.' Such reasonable

San Francisco
Public Defender    Defense Reply                               2

suspicion requires specific and articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that a particular person is engaged in criminal conduct.'" *People v. White* (2003) 107 Cal.App.4th 636, 641 (citing *U.S. v. Twilley* (9th Cir. 2000) 222 F.3d 1092, 1095.) An investigative detention based on mere curiosity, rumor or hunch, even if the officer acts entirely in good faith, is not allowed. See, eg. *People v. Loewen* (1983) 35 Cal.3d 117, *In re Tony C* (1978) 21 Cal.3d 888.

Detentions of suspects based on anonymous tips are only justifiable where sufficient indicia of reliability provide reasonable suspicion before the detentions are made. *Florida v JL* (2000) 529 US 266, 270. Where the tipsters are not anonymous, but their reliability is untested, "investigative action" alone is permitted. "The 'tip' which triggers investigative action, unlike that which creates grounds for arrest, need not come from a source of proven reliability." *People v. Stephenson* (1969) 268 Cal. App. 2d 908, 911. However, "the mere cause to investigate does not, without more, necessarily permit arrest, search or detention." *People v. Lissauer* (1985) 169 Cal. App. 3d 413, 420. If an officer seeks to detain in addition to pursuing an investigation, such a detention must still be "objectively reasonable". The officer must still find specific and articulable facts that the suspect is engaged in criminal activity in order to detain. *People v. Ramirez* (1996) 41 Cal. App. 4th 1608, 1613.

Here, Mr. Williamson specifically disputes the facts alleged in the police report, including, but not limited to, the allegation that he used a screwdriver to puncture the rear tire of the vehicle mentioned, and that he was observed doing so by the civilian witness. Therefore, a hearing is necessary to determine whether the facts reported in the police report support a finding of reasonable suspicion of criminal activity to support the detention of Mr. Williamson.

### ii. There was No Legal Basis to Search Mr. Williamson

There is no basis provided either in the police report or in the prosecution's reply brief to justify the search of Mr. Williamson by Officer Cunningham. Even if the detention had been a lawful one, it still fell short of providing a lawful basis to search Mr. Williamson.

### B. THERE WAS NO PROBABLE CAUSE FOR ARREST

An officer may arrest a person without a warrant: (a) whenever probable cause exists to believe the person has committed a felony (Penal Code Section 836); or (b) whenever probable cause exists to believe a misdemeanor has been committed in the officer's presence. (In re Thierry S. (1977) 19 Cal.3d 727; See also Penal Code Section 836.) Probable cause "is shown if a man of ordinary care and prudence would be led to believe and conscientiously entertain an honest and strong suspicion that the accused is guilty." (*People v. Ingle* (1960) 53 Cal.2d 407.) The validity of an arrest depends on whether the "facts and circumstances within (the officer's) knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." (*Beck v. Ohio* (1964) 379 U.S. 89, 91.) Subjective good faith alone is not enough.

Here, the officer lacked sufficient facts to constitute probable cause to arrest as those facts were the fruits of a detention not supported by reasonable suspicion, or alternatively, the fruits of an illegal search of Mr. Williamson.

//

//

## III. CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court grant defendant's motion to suppress.

Dated: 2/7, 2007

Respectfully submitted,

*Paul Myslin*
Deputy Public Defender

## PROOF OF SERVICE

I, the undersigned, say:

I am over eighteen years of age and not a party to the above action. My business address is 555 Seventh Street, San Francisco, California 94103.

On _____7 Feb 07_____, I personally served copies of the attached on the following:

>Office of the District Attorney
>City and County of San Francisco
>850 Bryant Street, Room 300
>San Francisco, California 94103
>Department 17 Deputy

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____7 Feb 07_____, at San Francisco, California.

_____/s/_____

San Francisco
Public Defender

Defense Reply

```
REPORT 6789          Q C X              . RUN 01/27/09 @ 10=10 PAGE
  WILLIAMSON/JEFF                        ) CTN 2285491    SCN
                                         ) SFNO S615806 INCN 0610455
  PD   MYSLIN/PAUL                       ) JAIL# 2285491 W/M DOB 040
                         DEFSTATUS XXXX  ) MCN         STRKS     CELL
                   JAILST CITN 112706/1812 ) OPLIC
---------------------------- KEY DATES ------------------------------
ARR 093006      REBOOK                   ) BRCN C 00000000
COMP    /100206         /                ) BW D/112806       PSR
PROBSTAT        -                        ) INTR                   PCD
SETBAIL $       021307                   )
-------------------------- SCHEDULED ON CALENDAR --------------------
021307/0900 M17 TR                         LD 02-26-07 DOP& PD MTS
122106/0900 M17 PC
112806/0900 M17 BW
100206/0900 M17 AN
------------------------ REARREST INFORMATION -----------------------
TYPE REARDATE  REBKDATE   DOCNO     BAMT AGENCY  OFF1    OFF2    STAR
MW   11/27/06  11/27/06  673053    5,000 SFPD    338             1152
      1215    . 1339         '                    NG
---------------------------------------------------------------------
K271820   BKD 594(2)APC /M NOW 594B(2)APC/M VANDALISM LESS THAN $400
   COUNT     PLEA NG /100206        DISM  68
MSG WAITING
```



```
------------------------------ LAST APPEARANCE ------------------------------
021307 M17 TR                                    DEF  P/XXXX
              DISMISSAL                               OCCURRED
/MO PC 1385=IN THE INTEREST OF JUSTICE/
```
* * * * *  E N D  O F  R E P O R T  * * * * *