UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) ) ) | Criminal Action No. 14-151 (CKK) |
| JEFFREY HENRY WILLIAMSON, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

On December 16, 2014, Jeffrey Henry Williamson was convicted by a jury of threatening to assault and murder a Federal Bureau of Investigation (FBI) agent with intent to retaliate against the agent on account of his performance of official duties, in violation of 18 U.S.C. § 115(a)(1)(B). Mr. Williamson represented himself at trial, with appointed standby counsel. Mr. Williamson appealed his conviction and was again appointed counsel. Although appointed counsel submitted arguments on Mr. Williamson's behalf, the D.C. Circuit also permitted Mr. Williamson to file a *pro se* supplemental brief raising any additional issues he would like the Circuit to consider. The Circuit issued its decision on August 10, 2018, affirming Mr. Williamson's conviction and sentence, but remanding the case back to District Court Judge Rosemary M. Collyer to provide Mr. Williamson with access to the jury commission records. *United States v. Williamson*, 903 F.3d 124 (D.C. Cir. 2018).

On remand, Judge Collyer appointed counsel to assist Mr. Williamson in reviewing the jury commission records and his counsel requested and received discovery pertaining to the jury commission records from the Jury Office. Judge Collyer set a deadline for any motions pertaining to the jury commission records of November 22, 2019 and that date came and went with no filing from Mr. Williamson's counsel. *See* 10/31/2019 Minute Order.

1

Meanwhile, Mr. Williamson moved *pro se* under 28 U.S.C. § 2255 for the Court to vacate, set aside, or correct his sentence. *See* Mot. Under 28 U.S.C. § 2255 (2255 Mot.) [Dkt. 348]. He filed numerous § 2255 motions, supplements, motions for discovery, motions for expansion of the record, and motion for a hearing.[1] Judge Collyer denied Mr. Williamson's motions on January 27, 2020. *See* Mem. Op. [Dkt. 379]; Order [Dkt. 380]. Mr. Williamson moved for a certificate of appealability and to amend or correct the record and Judge Collyer denied those motions as well. *See* 3/3/2020 Order [Dkt. 386]; 3/10/2020 Order [Dkt. 388]. Mr. Williamson filed a notice of appeal of the Court's denial of a certificate of appealability on March 18, 2020 and that appeal is currently pending with the D.C. Circuit.

Almost three weeks after Mr. Williamson filed his notice of appeal, one month after Judge Collyer's decision on the request for a certificate of appealability, two and a half months after Judge Collyer's decision on Mr. Williamson's § 2255 motion, and four and a half months after the deadline to submit a motion pertaining to the jury commission records, counsel for Mr. Williamson filed a motion to dismiss, or, in the alternative, motion to vacate, set aside or correct the sentence. *See* Mot. to Dismiss for Denial of Right of Inspection Under 28 U.S.C. § 1867(f) or, in the alternative, Mot. to Vacate, Set Aside of Correct Sentence Pursuant to 28 U.S.C. § 2255 [Dkt. 392]. The case was reassigned to this judge after Judge Collyer's

---

[1] *See* First Suppl. to 2255 Mot. [Dkt. 358]; Second Suppl. to 2255 Mot. [Dkt. 359]; Third Suppl. to 2255 Mot. [Dkt. 360]; Fourth Suppl. to 2255 Mot. [Dkt. 366]; Reply in Supp. of 2255 Mot. [Dkt. 370]; Mot. to Take Judicial Notice [Dkt. 356]; First Mot. for Discovery [Dkt. 362]; Second Mot. for Discovery [Dkt. 363]; Third Mot. for Discovery [Dkt. 365]; First Mot. for Expansion of the Record [Dkt. 367]; Second Mot. for Expansion of the Record [Dkt. 368]; Third Mot. for Expansion of the Record [Dkt. 369]; Mot. for Evidentiary Hearing [Dkt. 372]; Fourth Mot. for Expansion of the Record [Dkt. 373]; Fifth Mot. for Expansion of the Record [Dkt. 374]; Mot. for Funds for National Experts on Ethics & Legal Duties of Prosecutors [Dkt. 375]; Fourth Mot. for Discovery [Dkt. 376]; Sixth Mot. for Expansion of the Record [Dkt. 377]; Seventh Mot. for Expansion of the Record [Dkt. 378].

retirement. Rather than opposing the motion, the United States asks the Court to transfer the motion to the D.C. Circuit as a second or successive § 2255 motion; and counsel for Mr. Williamson failed to file a timely response to the government's motion. *See* United States' Mot. to Transfer Def.'s Mot. to the D.C. Circuit as a Second or Successive Mot. Brought Under 28 U.S.C. § 2255 [Dkt. 394]. The motion will be transferred to the D.C. Circuit.

## I. BACKGROUND

Much has already been written about Mr. Williamson's case by both Judge Collyer and the D.C. Circuit and the facts will not be repeated here. *See United States v. Williamson*, 903 F.3d 124, 128-29 (D.C. Cir. 2018); *United States v. Williamson*, No. 14-cr-151, 2020 WL 418551, at *1-3 (D.D.C. Jan. 27, 2020).

## II. LEGAL STANDARD

A federal prisoner claiming the right to be released on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Because "[s]ection 2255 is not a substitute for a direct appeal," "in order to gain relief under *any* claim, [the movant] is obliged to show a good deal more than would be sufficient on a direct appeal from his sentence." *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)) (emphasis in original). The petitioner has the burden of proof to demonstrate his right to such relief by a preponderance of the evidence. *See United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214 (1996), prohibits a prisoner from filing a second or successive motion under § 2255 "unless he first obtains an order from the appropriate court of appeals authorizing the district court to consider the petition." *In re Moore*, 196 F.3d 252, 254 (D.C. Cir. 1999).

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). A district court is without jurisdiction to consider a second or successive § 2255 motion filed without certification from the court of appeals. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Ford v. Massarone*, 902 F.3d 309, 314 (D.C. Cir. 2018) ("[T]he requirement to obtain authorization for a second or successive habeas petition is a jurisdictional prerequisite.").

### III. ANALYSIS

Mr. Williamson's motion to dismiss requests the Court find that the denial of his right to inspect the jury commission records requires a reversal of his conviction and a new trial. Despite the fact that the D.C. Circuit specifically remanded for the District Court to provide the jury records to Mr. Williamson, rather than ordering a new trial, counsel argues that the Court should follow the Fifth Circuit's decision in *Government of the Canal Zone v. Davis*, 592 F.2d 887, 889 (5th Cir. 1979), reversing a conviction and remanding for a new trial where the defendant was denied a right to inspect the jury records and then decided to forego a jury trial and proceed with a bench trial. The Fifth Circuit held that because the waiver of the right to a

4

jury trial was not informed by the information in the jury roll, the waiver was insufficient and demanded a new trial. *Id*. After *Davis*, the Fifth Circuit had another opportunity to determine the appropriate remedy when a defendant is denied the right to inspect the jury records and found that where the defendant proceeded with a jury trial anyway and did not waive his right reversal of the conviction was not mandated. *See United States v. Potts*, 538 F. App'x 434, 437 (5th Cir. 2013).

Although Mr. Williamson was denied his right to inspect the jury records before trial, he chose to proceed with a jury trial and was convicted. The D.C. Circuit did not mandate reversal of Mr. Williamson's conviction due to the error and this Court finds the distinction made by the Fifth Circuit compelling. Mr. Williamson did not waive his constitutional right to a jury trial due to the Court's error, therefore reversal was not mandated. On remand the Court ordered the Jury Office to provide defense counsel with the data requested, including the entire jury wheel used to select Mr. Williamson's jury panel. Counsel failed to timely file a motion challenging the sufficiency of the jury selection process and even now raises no arguments about the jury panel itself. The Court will deny Mr. Williamson's motion to reverse his conviction and order a new trial.

Turning to Mr. Williamson's alternative claims, there is no question that the motion filed by counsel on Mr. Williamson's behalf is the second § 2255 motion filed in this case. He argues in this motion that appellate counsel was ineffective because he conceded that the appropriate remedy for the § 1867(f) jury records denial was remand to provide the records and not a reversal of Mr. Williamson's conviction. The District Court may only consider second or successive § 2255 motions when the claim had not yet arisen at the time of the previous motion. Mr. Williamson argued in his original § 2255 motion that appellate counsel was

ineffective and did not argue about his decision to concede the jury records remedy. Because Mr. Williamson's current motion is a second or successive § 2255 motion raising a claim that could have been raised in his original motion, this Court has no jurisdiction to decide it absent certification from the D.C. Circuit. Therefore, the motion will be transferred to the Circuit to determine if review is warranted.

## IV. CONCLUSION

For the reasons stated above, the United States' motion will be granted and Defendant's motion will be transferred to the D.C. Circuit as a request to file a second or successive § 2255 motion. A memorializing Order accompanies this Memorandum Opinion.

Date: May 19, 2020  　　　　　　　　　　　　　　　　　　　／s/ Colleen Kollar-Kotelly
　　　　　　　　　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge